UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENT EUGENE SMITH,

    Plaintiff,

v.                                        Case No.: 2:25-cv-00802-SPC-NPM

STATE OF FLORIDA *et al.*,

    Defendants,

## OPINION AND ORDER

Before the Court is Brent Eugene Smith's Emergency Petition for Injunctive Relief (Doc. 1). Smith is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC) because a Florida court found him to be a sexually violent predator. Smith claims he was wrongfully convicted in 1989 and thus does not fit the criteria for commitment in the FCCC, and he seeks immediate release. Smith filed the petition in the Miami Division of the Southern District of Florida. The Miami court found the petition could be construed as a habeas petition under either 28 U.S.C. § 2241 or § 2254, dismissed the construed § 2254 claim, and transferred the action here for consideration of the construed § 2241 claim.

The Court reviews the petition under Rule 4 of the Rules Governing Section 2254 Cases.[1] Smith is not entitled to relief under § 2241 because he does not allege or demonstrate that he has exhausted his claims in state court. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). In fact, Smith is currently seeking habeas relief in Florida's Sixth District Court of Appeal—*Smith v. State*, Case No. 2025-514.

Principles of equity, comity, and federalism require the Court to abstain from interfering in the state proceeding. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings); *see also Newsome v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 815 (11th Cir. 2008) (applying the *Younger* abstention doctrine to civil-commitment proceedings under Florida's Jimmy Ryce Act). Smith provides no reasons for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application any exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[2]

Accordingly, it is

---

[1] The Court applies the rules to this case under Section 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

[2] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid.*

**ORDERED:**

(1) Brent Eugene Smith's Emergency Petition for Injunctive Relief (Doc. 1) is **DISMISSED without prejudice**.

(2) The Clerk is **directed** to terminate any pending motions and deadlines, enter judgment, and close this case.

(3) Smith is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**DONE** and **ORDERED** in Fort Myers, Florida on September 9, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record